IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARIBE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 05-0308-WS-C |
| | ) |
| JEFFREY KATES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the defendant's motion for jury trial. (Doc. 4). The plaintiff has filed a response and the defendant a reply, (Docs. 7, 9), and the motion is ripe for resolution.

The defendant seeks a jury trial "of all triable issues." (Doc. 4 at 1). The complaint consists of two counts. Count One is a claim for the specific performance of a contract to sell certain real property. Count Two is a claim for damages in the amount of $30,000,000. The plaintiff first objects that a demand for specific performance is equitable, such that the defendant has no right to a jury trial as to that claim, regardless of any jury demand. (Doc. 7 at 2). It is true that a claim for specific performance will not support a jury demand, *see Ford v. Citizens & Southern National Bank*, 928 F.2d 1118, 1122 (11th Cir. 1991), but the plaintiff's argument overlooks an important corollary: "It is well established ... that if a party asserts a legal claim, he is entitled to a jury determination of the factual issues related to that claim even if those issues also relate to equitable claims brought by that party or equitable counterclaims brought by the opposing party." *Hensley v. E.R. Carptenter Co.*, 633 F.2d 1106, 1110 n.5 (5th Cir. 1980).

The defendant filed his answer on May 24, 2005. (Doc. 2). Any demand for trial by jury was therefore due on June 8, 2005.[1] The pending motion was filed June 9, 2005 and so was untimely.

---

[1] The demand is to be made "not later than 10 days after the service of the last pleading directed to such issue," Fed. R. Civ. P. 38(b), which in this case was the answer. Because the time allowed is less than 11 days, intervening Saturdays, Sundays and legal holidays (including Memorial Day) are excluded. *Id*. 6(a).

Thus, the defendant seeks a jury trial pursuant to Federal Rule of Civil Procedure 39(b).

"In this circuit, the general rule governing belated jury requests under Rule 39(b) is that the trial court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983)(internal quotes omitted). "The district courts have broad discretion when considering Rule 39(b) motions and often freely grant such motions after considering (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." *Id*.

The plaintiff argues that a jury trial should be denied because the defendant has not explained his delay and has not explained why the damages claim is best tried to a jury. (Doc. 7 at 2-3). By its silence, the plaintiff concedes the obvious: that the minimal delay, the absence of prejudice, and the lack of disruption all weigh in favor of granting the defendant's motion.

With respect to the two remaining factors, the defendant has not offered persuasive reasons.[2] However, given that he sought a jury trial only one day after he could have demanded it as of right, these factors are insignificant. None of the considerations identified in *Parrott* is independently critical, and the Court need only engage in an overall "balancing" of them. *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1188 (11th Cir. 1985). The Court easily concludes that the balance of the five *Parrott* factors weighs in favor of the defendant's motion.[3]

---

[2] The defendant argues that he learned for the first time on June 7 both that the plaintiff would use non-party witnesses to claim waiver or ratification and that the plaintiff would seek damages for loss of profits and opportunity. (Doc. 9 at 2). He has not, however, explained how either issue is "best" tried to a jury or why the complaint — with its demand for $30,000,000 — did not trigger a desire for a jury trial.

[3] As noted, a district court should grant a motion under Rule 39(b) "in the absence of strong and compelling reasons to the contrary." *Parrott v. Wilson*, 707 F.2d at 1267. Given the merely technical untimeliness of the defendant's pursuit of a jury, it is doubtful that such "strong and compelling reasons" to deny the motion would exist even had the balance of the *Parrott* factors not favored him.

For the reasons set forth above, the defendant's motion for jury trial is **granted**. Any disagreement concerning the scope of the issues governed by this ruling should be presented in the final pretrial document.

DONE and ORDERED this 27th day of June, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
